FILED

JUN 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50103 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00600-R-4 |
| v. | |
| JUAN MANUEL BANALES-VENEGAS, AKA Chicken Little, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 7, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Juan Manuel Banales-Venegas ("Banales") appeals his conviction and

sentence after a jury trial on one count of bank fraud under 18 U.S.C. § 1344 and

two counts of wire fraud under 18 U.S.C. § 1343. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Banales argues that the district court erred in precluding certain questions on cross-examination of the government's cooperating witnesses regarding their possible bias or motive to lie. The district court's imposition of "a limitation on the scope of questioning within a given area" is reviewed for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc). Because the questions Banales wished to ask were either improper under the rules of evidence, or sought to elicit information which was cumulative of other evidence the jury did hear, we find there was either no error or harmless error with respect to each issue he raises.

Banales next argues that the district court erred in preventing him from admitting evidence that he cooperated with the investigation. The district court's evidentiary rulings are reviewed for abuse of discretion. *United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994). Banales introduced evidence supporting his cooperation, including that he voluntarily attended an interview with a government investigator, gave answers to questions that matched his co-conspirators' testimony, and called one of the investigating agents twice after his second interview. The district court did not abuse its discretion by limiting the scope of evidence regarding Banales' cooperation.

Third, Banales argues the district court erred in preventing him from

introducing the complete recording of his statements to the investigators. The rule of completeness entitles a defendant to admit portions of an interview that *explain* or *give context to* a statement that would be misleading in isolation. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). Here, Banales did not identify portions of his statement that explain the context of the admitted statements. Rather, simply sought to introduce his complete statement, including self-serving hearsay. The district court did not abuse its discretion.

Fourth, Banales challenges the district court's admission of evidence that he failed to maintain the purchased properties in good condition. We agree with the government that the evidence supports the prosecution's theory that he was an active participant in the fraud and never intended to occupy any of the properties at issue. The district court did not abuse its discretion in finding that the evidence's probative value outweighed its prejudicial impact.

Fifth, Banales argues that the district court improperly denied him his right to exercise a peremptory challenge to a juror he suspected of bias toward law enforcement. The district court properly sustained the government's objection to the peremptory strike, which was based on *Batson v. Kentucky*, 476 U.S. 79 (1986). The defendant had exercised eight straight peremptory challenges against jurors who were white or Asian, and no evidence in the record supports the

contention that either Juror No. 8 *or* Juror No. 9 was biased in favor of law enforcement. There is no clear error in the district court's factual findings, and to the extent there was any, the error is harmless in light of the strong evidence the government presented at trial; that evidence included co-conspirator testimony as well as the defendant's own admissions.

There was no cumulative error. *Cf. United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004).

Finally, Banales challenges his low-end Guidelines sentence as unreasonable because it was much lengthier than that of his codefendants, and because he contends the district court failed to consider relevant mitigating evidence. We review the reasonableness of a sentence for abuse of discretion. *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008) (per curiam). Cooperation with the government is a permissible basis for sentencing disparities. *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). And the district court considered Banales's mitigating evidence at sentencing, but gave it little weight. The court did not abuse its discretion.

AFFIRMED.